UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CESAR CASSARRUBIAS,

        Petitioner,                                      Case No. 1:08-cv-640

v.                                                     HONORABLE GORDON J. QUIST

DEBRA SCUTT,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

    I.    Factual Allegations

Petitioner presently is incarcerated at the G. Robert Cotton Correctional Facility. On December 17, 2003, Petitioner pleaded nolo contendere in Allegan County Circuit Court to first-

degree criminal sexual conduct, in violation of MICH. COMP. LAWS § 750.520b. (Pet. at 1, docket #1.) The trial court appointed attorney Lynn Pargo to represent Petitioner on appeal on January 26, 2004, and substitute appellate counsel Pedro Ferrer on March 3, 2004. (Attach. D to Pet. at 4.) On December 15, 2004, Petitioner, through his appellate attorney, filed a Motion to Vacate Plea or Re-sentencing (Motion to Vacate Plea), pursuant to Michigan Court Rule 6.429 in Allegan County Circuit Court. (Pet. at 4.) The trial court denied Petitioner's motion on January 19, 2005. (*Id.* at 5.)

On November 13, 2006, Petitioner, through his appellate attorney, submitted a Motion for Relief from Judgment pursuant to Michigan Court Rule 6.500 in the Allegan County Circuit Court. (Pet. at 3.) The trial court denied the motion pursuant to Michigan Court Rule 6.508(D) on January 25, 2007. (*Id.*) Petitioner sought leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court. On April 25, 2008, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal because he failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). (Pet. at 4; Attach. to Pet., Apr. 25, 2008 Mich. Ct. of App. Order) While Petitioner has appealed to the Michigan Supreme Court, the Michigan Supreme Court has not yet issued a decision. (Pet. at 4.)

On June 25, 2008,[1] Petitioner filed his application for habeas corpus relief, raising the following five grounds (verbatim):

    I.    DOES DUE PROCESS REQUIRE POST-CONVICTION DNA TESTING OF A FOREIGN HAIR COLLECTED FROM THE COMPLAINANT'S BODY AFTER THE INCIDENT?

    II.    WAS DEFENDANT PREJUDICE AND DENIED A FAIR TRIAL FROM HIS TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE, WHERE DEFENDANT'S TRIAL COUNSEL FAILED TO DISCOVER AND PRESENT POTENTIALLY EXCULPATORY DNA TEST RESULTS?

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on June 25, 2008, and it was received by the Court on July 8, 2008. Thus, it must have been handed to prison officials for mailing at some time between June 25 and July 8. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

  III. WAS THE CIRCUIT COURT'S DECISION TO SENTENCE DEFENDANT AS AN ADULT AN ABUSE OF DISCRETION AND NOT BASED ON SUFFICIENT EVIDENCE AND A THOROUGH INVESTIGATION?

  IV. IS DEFENDANT ENTITLED TO RESENTENCING BECAUSE THE STATUTORY SENTENCING GUIDELINES WERE MISSCORED AS TO OFFENSE VARIABLES 7, 8, 9, 10 AND 14 AND THE SENTENCE WAS A DEPARTURE FROM THE STATUTORY SENTENCING GUIDELINES IMPOSED WITHOUT COMPLIANCE WITH DEPARTURE REQUIREMENTS?

  V. WAS APPELLATE COUNSEL INEFFECTIVE BY DENYING DEFENDANT HIS DIRECT APPEAL AFTER SENTENCING? WHICH DENIED DEFENDANT HIS STATE AND FEDERAL RIGHTS OF DUE PROCESS AND THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

(Attach. D to Pet. at 1; Pet. at 14.)

Petitioner's appellate counsel raised Grounds I - IV in his Motion to Vacate Plea and his Motion for Relief from Judgment. (Attachs. A & C to Pet.) Although Petitioner did not appeal his Motion to Vacate Plea, he appealed his Motion for Relief from Judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner, however, raised Ground V for the first time in the appeal for his Motion for Relief from Judgment in the Michigan Court of Appeals and Michigan Supreme Court. As stated above, the Michigan Supreme Court has not yet issued a decision regarding the denial of Petitioner's Motion for Relief from Judgment.

Besides filing his petition on June 25, 2008, Petitioner filed a "Motion to Hold Habeas Petition in Abeyance" (docket #3), which essentially is a motion to stay the habeas proceedings until Petitioner has exhausted his available state-court remedies, and a "Motion for Equitable Tolling" (docket #4).

  II. <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he is waiting on the Michigan Supreme Court to issue a decision regarding the denial of Petitioner's Motion for Relief from Judgment. Since Petitioner has not fairly presented his federal claims to all levels of the state appellate system, his grounds for habeas corpus relief are unexhausted. *See Duncan*, 513 U.S. at 365-66; *Silverburg*, 993 F.2d at 126; *Hafley*, 902 F.2d at 483; *O'Sullivan*, 526 U.S. at 845. Accordingly, the filing of Petitioner's application for habeas corpus relief on June 25, 2008, was premature.

### III. Statute of Limitations

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.[2] *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not seek leave to appeal under Michigan Court Rule 7.205(F)(3)[3] from his criminal judgment, entered by the Allegan County Circuit Court on December 17, 2003. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" under § 2254) (emphasis added). Under Michigan Court Rule 7.205(F)(3), Petitioner had one year in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. Petitioner, however, is not entitled to the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the

---

[2] In an unpublished Sixth Circuit decision, the court found that 28 U.S.C. § 2244(d)(1)(B) may apply in cases where a petitioner has alleged facts that he was actually prevented from timely filing a habeas petition because of the ineffectiveness of his state appellate counsel. *Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003). In *Winkfield,* the court held that the ineffective assistance of counsel in failing to advise the petitioner that a "new trial motion had been denied and thus the time to appeal was running," and actively misleading the petitioner that his "motion and direct appeal were still pending" constituted state action. *Id.* at 582. However, the court ultimately held that § 2244(d)(1)(B) did not apply because the petitioner failed to show a "causal relationship between the unconstitutional state action and being prevented from filing the petition." *Id.* at 583. Likewise, no such allegations have been made in this case. Although Petitioner's first and second appointed appellate attorneys failed to perfect an appeal on his behalf, Petitioner never alleged that those attorneys actively misled Petitioner or erroneously informed him that he had no federal remedies. *See id.* at 582-83. Therefore, the one-year limitations provision set forth in § 2244(d)(1)(B) is inapplicable to this case.

[3] For offenses occurring on or after December 30, 1994, an appeal of a guilty plea in Michigan is by an application for leave. *See* MICH. CONST. 1963, Art. 1, § 20; MICH. COMP. LAWS § 770.3(1)(e).

time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (finding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, the decision must be considered final at the expiration of the one-year period for filing a delayed application for leave to appeal in the Michigan Court of Appeals. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999); *O'Valle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Therefore, Petitioner's conviction would have become final on December 17, 2004, when the time for filing his delayed application for leave to appeal expired. Without the benefit of tolling, the statute of limitations would have run one year later on December 17, 2005.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 1086. Petitioner filed a Motion to Vacate Plea on December 15, 2004, which was before the one-year statute began to run. Assuming Petitioner's motion was a properly filed application for state review, the statute of limitations was tolled during the pendency of Petitioner's Motion to Vacate Plea. The trial court denied the motion on January 19, 2005. Petitioner did not appeal the denial of the motion to the Michigan Court of Appeals or Michigan Supreme Court. As stated above, the time for seeking appellate review is counted under § 2244(d)(1)(A) when a petitioner has failed to pursue an avenue

of review available to him. *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" under § 2254) (emphasis added). Therefore, the decision regarding the Motion to Vacate Plea did not become final until the expiration of the one-year period for filing a delayed application for leave to appeal in the Michigan Court of Appeals. *See Roberts*, 319 F.3d at 694-95; *Kapral*, 166 F.3d at 577; *O'Valle*, 2002 WL 31379876, at *2 (citation omitted). As a result, tolling for the Motion to Vacate Plea ended on January 19, 2006. Absent further tolling, the one-year statute of limitations would have expired on January 19, 2007. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (under Fed. R. Civ. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

On November 13, 2006, Petitioner filed a Motion for Relief from Judgment in the Allegan County Circuit Court. As a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending, Petitioner's Motion for Relief from Judgment tolled the statute of limitations again on November 13, 2006. *See* 28 U.S.C. § 2244(d)(2). At that time, 298 days, from January 19, 2006 until November 13, 2006, had expired before the statute of limitations was tolled for Petitioner's Motion for Relief from Judgment. Therefore, Petitioner has 67 days remaining in the statute of limitations. The statute of limitations will remained tolled until a decision is issued by the Michigan Supreme Court. *See Lawrence*, 127 S. Ct. at 1082. The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 1086. Once the Michigan Supreme Court issues its decision, Petitioner has 67 days to file his application for habeas corpus relief in the federal district court.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[4] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust). Petitioner has more than sixty days remaining before the statute of limitations expires in the instant case. Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

IV.     Motions

Petitioner filed two motions along with his application for habeas corpus relief. First, Petitioner moved for a stay of the habeas proceedings so that he could pursue his unexhausted claims in the state courts in his "Motion to Hold Habeas Petition in Abeyance" (docket #3). Petitioner also moved for the equitable tolling of the statute of limitations in his Motion for Equitable Tolling (docket #4). As stated above, Petitioner is not entitled to a stay of his petition. Further, Petitioner has not run afoul of the statute of limitations at this time; therefore, the Court need not consider equitable tolling under the statute of limitations. Because the petition is unexhausted, the Court concludes that Petitioner's motions (dockets #3, 4) should be denied as moot.

---

[4] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

**Conclusion**

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies. The Court will also deny Plaintiff's Motion to Hold Habeas Petition in Abeyance" (docket #3) and Motion for Equitable Tolling (docket #4) as moot.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack*

*v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order consistent with this Opinion will be entered.


Dated: December 5, 2008                         /s/ Gordon J. Quist
                                                                                         GORDON J. QUIST
                                                                               UNITED STATES DISTRICT JUDGE